324

Henry CARVER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 22, 1954.

———◆———

Paul R. Huddleston, Bowling Green, for appellant.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Henry Carver killed James Hines, and was convicted of voluntary manslaughter. On appeal, the judgment of conviction was set aside, because the trial court had denied a motion to poll the jury. Carver v. Commonwealth, Ky., 256 S.W.2d 375. Upon a second trial, Carver was again convicted, and his punishment fixed at ten years' confinement in the penitentiary.

On this appeal from the second judgment of conviction, Carver's sole contention is that he was entitled to a directed verdict of acquittal, because the evidence for the Commonwealth, including circumstantial evidence and reasonable inferences, did not tend to disprove the clear case of self-defense established by Carver's testimony.

Reliance is had upon Taul v. Commonwealth, Ky., 249 S.W.2d 45.

The evidence upon the second trial was substantially the same as that upon the first trial, a statement of which will be found in the opinion on the first appeal. Carver v. Commonwealth, Ky., 256 S.W.2d 375. Other facts that seem to have some significance are: (1) On an occasion some three months before the shooting, when Hines had made Carver the butt of some horseplay in a country store, Carver left the store, stating that if he didn't leave he would "have to kill the damn son-of-a-bitch." (2) In a statement made to the arresting officers, after the shooting, Carver said:

"* * * This afternoon Judge (Hines) and I went to town. We drank a few beers and went in my car to my place. Apparently something arose in him and he became overbearing. I did not intend to let him do this to me in my own house. I kept thinking about a feud that had started between he and I last summer. I ordered him out of my house and went into the kitchen. He followed me and I took a shotgun from over my head and shot at him. I missed and he said something. I shot again and hit him. I know I had shot James Hines. When I ordered him out of my house he acted as though I was joking. I really didn't intend to kill him. I don't know if he was trying to find something to hurt me with. * * *"

It will be observed that in this statement Carver said nothing about being hit in the nose, or about Hines picking up a chair, as he did in his testimony on the trial. (3) Immediately after shooting Hines, Carver straightened up the room, then sat down and drank some wine, and after a time went to tell a neighbor about the shooting.

The difficulty we have in accepting appellant's argument arises from the fact that nowhere in his testimony does Carver claim that he shot in self-defense. He does not say that he thought his life was in danger, or even that he feared great bodily harm at

the hands of Hines. He does not say that he considered it necessary to shoot Hines in order to protect himself. At the most, Carver shows that Hines was a troublesome and irritating drunk, causing Carver some discomfort and annoyance.

Actually, it appears that Carver's defense was that he became "addled" when Hines hit him on his sore nose, and he temporarily lost responsibility for his actions. In view of Carver's conflicting statements as to what transpired at the time of the shooting, and in view of his calm and purposeful actions immediately after the shooting, we think it was a jury question as to whether Carver was so provoked and oppressed by Hines as to be relieved of responsibility for shooting him.

The judgment is affirmed.